Magistrate Judge S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ESCUDERO SILVINO-RIOS (a.k.a. SILVINO RIOS ESCUDERO)<br><br>Defendant. | CASE NO.   MJ25-796<br><br>COMPLAINT for VIOLATION<br><br>Title 8, U.S.C., § 1326(a) |

BEFORE S. Kate Vaughan, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

### Reentry of Removed Alien

On or about July 12, 2025, at Snohomish County, within the Western District of Washington, ESCUDERO SILVINO-RIOS, an alien, a native and citizen of Mexico, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the express consent of

Complaint - 1
United States v. Silvino-Rios

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, § 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Immigration and Customs Enforcement Deportation Officer Robert Chin, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I am a Deportation Officer (DO) with U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Department of Homeland Security (DHS), and have been so employed since August 2020. Prior to this, I was an Immigration Services Officer with U.S. Citizenship and Immigration Services (USCIS) from November 2017 to August 2020.

2. I graduated from the Basic Immigration Enforcement Training Program with ICE ERO at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in March 2021. I also graduated from the Immigration Services Officer Basic Training Program with USCIS at FLETC in Charleston, South Carolina in June 2018. I have received training in enforcing Titles 8 and 18 of the United States Code, as well as the Immigration and Nationality Act (INA) of the United States. I am trained in locating, apprehending, processing, and removing any removable non-United States citizens.

3. Based on my training and experience, I know the following:

   a. Every person has a unique set of fingerprints. Unique identification numbers—including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigation ("FBI") numbers—can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and

Complaint - 2
United States v. Silvino-Rios

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information with a specific individual.

   b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE, those unique fingerprint identifiers are associated with an individual's unique Alien Registration Number ("A-number") and Alien File ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as evidence of their alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a nonimmigrant visa.

  4. Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained by the arresting law enforcement agency and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

  5. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained

Complaint - 3
*United States v. Silvino-Rios*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 through my training and experience. This Affidavit is intended to merely show there is
2 sufficient probable cause for the above charge and does not set forth all my knowledge
3 about this matter.

4     6.    As further detailed below, based on my investigation and the investigation
5 of other law enforcement officers, I submit there is probable cause to believe that
6 Defendant, who was previously removed from the United States, was found in the United
7 States after knowingly and voluntarily reentering the United States without prior
8 authorization to do so.

## SUMMARY OF PROBABLE CAUSE

    7.    On or about July 14, 2025, the ICE Law Enforcement Support Center ("LESC")—an ICE center responsible for processing biometric and biographic immigration alien queries originating from federal, state, and local law enforcement agencies—received an electronic notification based on biometric fingerprint information that on July 12, 2025, SILVINO-RIOS was arrested by the Lynnwood Police Department in Lynnwood, Washington, within the Western District of Washington, for Revised Code of Washington (RCW) 9A.36.041(2) – Assault in the Fourth Degree. SILVINO-RIOS was booked into the Lynnwood Municipal Jail under the name of "Silvino Rios Escudero." He was released from custody before ICE could take any enforcement action.

    8.    On or about December 2, 2025, SILVINO-RIOS came to the attention of LESC following his arrest that same day by the Lynnwood Police Department in Lynnwood, Washington, for RCW 7.105.450(1) – Domestic Violence Protection Order. SILVINO-RIOS was booked into the Lynnwood Municipal Jail under the name of "Silvino Rios Escudero."

    9.    On December 3, 2025, I reviewed SILVINO-RIOS' immigration record and other records associated with SILVINO-RIOS' unique fingerprint identifier. This is the unique fingerprint identifier that matches the fingerprints of the person arrested by the Lynnwood Police Department on July 12, 2025, and on December 2, 2025, as described

Complaint - 4
United States v. Silvino-Rios

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

above. The matching unique fingerprint identifiers for both arrests shows that "Escudero Silvino-Rios" and "Silvino Rios-Escudero" are one and the same individual.

10. Based on my review, I learned the following about SILVINO-RIOS' immigration history:

   a. SILVINO-RIOS is a native and citizen of Mexico.

   b. On or about October 7, 2017, the United States Border Patrol (BP) detained SILVINO-RIOS at or near Jacumba Hot Springs, California. BP obtained a sworn statement from SILVINO-RIOS where he stated his complete and correct name was "Escudero Silvino-Rios." On October 8, 2017, BP issued SILVINO-RIOS an expedited order of removal. BP physically removed him to Mexico on October 9, 2017.

   c. On or about October 13, 2017, BP detained SILVINO-RIOS in the United States at or near Pine Valley, California for illegally reentering the United States without prior authorization. BP obtained a sworn statement from SILVINO-RIOS where he stated his name was "Silvino Rios-Escudero." BP reinstated his prior order of removal on October 13, 2017, and physically removed him to Mexico on October 14, 2017.

11. SILVINO-RIOS' A-file and other DHS indices contain no record reflecting any application, nor permission from the Secretary of Homeland Security nor the United States Attorney General, to reenter the United States following his removal on October 14, 2017. Based on my training and experience, I know that a record reflecting such application or permission would ordinarily be found in the A-file and/or DHS indices.

12. Based on the foregoing, I have probable cause to believe that SILVINO-RIOS was found in the United States, after knowingly and voluntarily reentering the United States without the express consent of the Attorney General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, § 1326(a).

//
//
//

Complaint - 5
*United States v. Silvino-Rios*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

//

## CONCLUSION

13. Based on the above facts, I respectfully submit that there is probable cause to believe that the defendant committed the aforementioned offense.

_____
Robert Chin, Complainant
Deportation Officer
U.S. Immigration & Customs Enforcement

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this ~~14th~~ 16th day of December 2025

_____
S. KATE VAUGHAN
United States Magistrate Judge

Complaint - 6
United States v. Silvino-Rios

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970